Geneva Goudelock, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued March 5, 1979, before Judges CRUMLISH, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*Robert A. Berkowitz,* for petitioner.

*Linda M. Gunn,* Assistant Attorney General, for respondent.

OPINION BY JUDGE ROGERS, April 19, 1979:
Geneva Goudelock has appealed from an order of the Pennsylvania Department of Public Welfare upholding the decision of Allegheny County Board of

Assistance (CAO) that she was ineligible' for a one-time Emergency Fuel Assistance grant.

Mrs. Goudelock and her adult daughter, Edna Goudelock, who suffers from disabling arthritis, reside together in a five room house owned by Geneva. Edna pays her mother eighty dollars a month for rent and thirty dollars a month for fish and vegetables on her diet. The CAO denied the application on the ground that the applicant and her daughter were a two person family and their combined income exceeded the income eligibility limits. At the fair hearing appeal, the Hearing Examiner accepted Geneva Goudelock's contention that she was actually a one person family and that she provided room and board to her daughter in return for a regular monthly payment. The Hearing Examiner decided, however, that the mother's gross monthly income exceeded the income eligibility limit for a single person family. The appellant now asserts that the Hearing Examiner erred by including the thirty dollar monthly payment from Edna used by appellant to purchase fish and vegetables for the diet prescribed by Edna's physician as part of the appellant's gross monthly income.

One of the basic eligibility requirements of the Emergency Fuel Assistance program was level of income. The regulations adopted specifically for this program, found at 7 Pa. B. 2139-2142, provide:

A. *Income eligibility.*

For the purpose of this program, all money received by the applicant and his family is considered income. There is no differentiation between the various sources of income. Income is to be figured on a yearly basis. Gross income figure is to be used.

The comments prefacing the regulations state that because of the limited money available, the income eligibility section was drafted with the specific intent

to help the most needy to the maximum extent possible. The thirty dollar payment made by Edna was certainly money received by Geneva and just as certainly required by the regulation to be considered income.

The appellant has also argued that the Hearing Examiner should have applied the definition of gross earned income to be found at Section 183.22 or Section 183.82 of the Pennsylvania Assistance Eligibility Manuel, 55 Pa. Code §§183.22, 183.82. These Sections relate to AFDC, GA, and MA programs and are given no general force which would make them applicable instead of those particularly applicable to the Emergency Fuel Assistance program.

Order affirmed.

## ORDER

AND Now, this 19th day of April, 1979, the Final Administrative Action of the Department of Public Welfare dated December 7, 1977 is hereby affirmed.